# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: June 4, 2019

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

TAMMY GILBERT,

                Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES

                Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

UNPUBLISHED

No. 17-35V

Special Master Gowen

Attorneys' Fees and Costs;
Joint Stipulation; Administrative;
Clerical; Travel Time.

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for petitioner.
Traci R. Patton, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 21, 2019, Tammy Gilbert ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Pet. Fees App.") (ECF No. 51). For the reasons discussed below, I **GRANT** petitioner's motion for attorneys' fees and costs and award a total of **$31,052.85**.

### I.      Procedural History

On January 9, 2017, petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petition at ¶ 1 (ECF No. 1). Petitioner alleged that she suffered from a shoulder injury related to vaccine administration ("SIRVA") with residual

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The Court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the Court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

injuries persisting for more than six months as a result of a tetanus-diphtheria ("TD") vaccination received on February 11, 2014.  *Id.*

On December 7, 2018, the parties filed a joint stipulation in which they stated that a decision should be entered awarding compensation to petitioner.  Stipulation for Award (ECF No. 45).  Respondent denied that the TD vaccine caused petitioner to suffer a SIRVA or any other injury or condition.  *Id.* at ¶ 6.  Nevertheless, the parties agreed that the issues between them should be settled and a decision should be entered awarding compensation to petitioner.  I adopted the Stipulation for Award and issued a Decision awarding damages on December 10, 2018.  Decision (ECF No. 46).

On March 21, 2019, petitioner filed a motion for attorneys' fees and costs.  Pet. Fee App. (ECF No. 51).  Petitioner requests compensation for her attorney, Mr. Ronald Homer in the total amount of $31,844.75.  This represents $30,432.25 in attorneys' fees and $1,412.50 in costs.  Pet. Fee App. at 1-2.  On March 21, 2019, petitioner also filed a statement pursuant to General Order No. 9 stating that she did not personally incur any costs or pay a retainer to counsel for this litigation.  Pet. Statement (ECF No. 52).  Additionally, on May 15, 2019, petitioner filed a status report regarding 2019 rates for Homer, Conway P.C. attorneys, law clerks, and paralegals.  Status Report (ECF No. 54)

On March 22, 2019, respondent filed a response to petitioner's motion which provides that "[r]espondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Response (ECF No. 53) at 2-3.  Petitioner did not file a reply.  The matter is now ripe for adjudication.

## II.   Legal Standard

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3)(1).  Petitioner in this case was awarded compensation pursuant to a Stipulation, and therefore she is entitled to an award of reasonable attorneys' fees and costs.

The Vaccine Act permits an award of "reasonable" attorneys' fees and costs.  42 U.S.C. § 300aa-15(e)(1).  The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines the reasonable hourly rate, which is then applied to the number of hours reasonably expended on the litigation.  *Id.* at 1347-58 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993).  Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n.1.  The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent.  *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr.

22, 2008). Special masters may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson*, 24 Cl. Ct., *aff'd in relevant part*, 988 F.2d 131 (Fed Cir. 1993) (per curiam).

### III.   Reasonable Attorneys' Fees and Costs

####     a.   Hourly Rate

Petitioner requests that her attorney of record Mr. Homer be compensated at $409.00 an hour for work performed in 2017, $421.00 an hour for 2018, and $430.00 an hour for 2019. Petitioner also requests compensation for work performed by other attorneys (Ms. Meredith Daniels, Mr. Joseph Pepper, Ms. Christina Ciampolillo, and Ms. Lauren Faga), law clerks, and paralegals at Conway, Homer, P.C. Other special masters and I have found these rates for these individuals to be reasonable. *Fowler v. Sec'y of Health & Human Servs.*, No. 17-0809V, 2019 WL 982197, at *3-5 (Fed. Cl. Spec. Mstr. Jan. 17, 2019); *Clement v. Sec'y of Health & Human Servs.*, No. 16-324V, 2018 WL 4090642, at *2 (Fed. Cl. Spec. Mstr. July 31, 2018); *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19-20 (Fed. Cl. Spec. Mstr. Sept. 1, 2015. I find that these rates are reasonable and should be applied to the work performed in the present case.

####     b.   Hours Expended:

As noted previously, a line-by-line evaluation of the invoiced hours is not required; instead, I may rely on my experience to evaluate the reasonableness of the hours expended. *Wasson*, 24 Cl. Ct. at 484. Accordingly, I may reduce the number of hours claimed based on past experience. *Saxton*, 3 F.3d at 1521. After review of the hours billed, I find that some reductions need to be made.

It is well-established that billing for administrative and clerical tasks is not compensable in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018). In this case, the billing entries reflect that paralegals billed time for preparation, receipt, review, and organization of medical records for summarization by law clerks. For example, paralegals billed 0.3 hours on November 23, 2017 for "organiz[ing] and prep[aring] medical records/exhibits 1-2 for summarization and electronic filing." Pet. Fee App. at 7. Additional entries relating to the summarization or receipt of records appear on the following dates: November 22, 2016; January 9, 2017; September 25, 2017; and April 27, 2018. Billing for these tasks has resulted in reductions in the past for Mr. Homer's firm. *See, e.g.*, *McMaster v Sec'y of Health & Human Servs.*, No. 17-319V, 2019 WL 1958492, at *2 (Fed. Cl. Spec. Mstr. Mar. 8, 2019); *Estes v. Sec'y of Health & Human Servs.*, No. 17-1003V, 2019 WL 1806241, at *2 (Fed. Cl. Spec. Mstr. Mar. 4, 2019). I find it appropriate to make the same deduction here. This results in a deduction of attorneys' fees by $178.40.

Mr. Homer billed 3 hours for travelling to meet with petitioner on January 29, 2017. Pet. Fees App. at 9. Although Mr. Homer marked the entry as "billed at half rate," the full amount is

still billed within the invoice. *Id.* Time for travel to meet with clients should be billed at half rate. *Bogdan v. Sec'y of Health & Human Servs.*, No. 16-1681V, 2019 WL 1528297, at *8 (Fed. Cl. Spec. Mstr. Mar. 13, 2019); *Arevalo v. Sec'y of Health & Human Servs.*, No. 15-406V, 2018 WL 6822350, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2018). Accordingly, I will reduce the award of attorneys' fees by a further $613.50.

Thus, after reductions, I find that a reasonable attorneys' fees award is **$29,640.35**.

### c.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement for costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,412.50 in attorneys' costs, specifically the costs of acquiring medical records, the filing fee, postage charges, and travel costs associated with meeting with petitioner. Pet. Fee App. at 21-22. These costs are typical of the Vaccine Program and petitioner has provided adequate documentation of all expenses. I find all the expenses reasonable and will award attorneys' costs in the full amount requested, which is **$1,412.50**.

### IV.  Conclusion

In accordance with the foregoing, petitioner's application for attorneys' fees and costs is **GRANTED**. I award attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $30,432.25 |
|---|---|
| (Reduction of Fees) | $791.90 |
| **Attorneys' Fees Awarded** | **$29,640.35** |
| | |
| Attorneys' Costs Requested | $1,412.50 |
| (Reduction of Costs) | - |
| **Attorneys' Costs Awarded** | **$1,412.50** |
| | |
| **Total Amount Awarded** | **$31,052.85** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $31,052.85, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and her counsel, Ronald C. Homer.[3]**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[4] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).